# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HANNAH TAYLOR,

    *Plaintiff*,

v.                                       Civil Action No.   3:23-cv-00697

MASON COUNTY COMMISSION
d.b.a. MASON COUNTY EMERGENCY
MEDICAL SERVICES,

    *Defendant*.

## COMPLAINT

Plaintiff, Hannah Taylor, by counsel, states and alleges as follows for her Complaint against Defendant Mason County Emergency Medical Services (Hereinafter "Defendant").

## PARTIES

1. Hannah Taylor was, at all relevant times herein, a citizen and resident of Meigs County, Ohio.

2. Mason County Commission is a political subdivision located in Mason County, West Virginia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction and personal jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is over $75,000 and the Plaintiff and Defendant are citizens of different states.

4. This court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 because the claims arise under the laws of the United States, and otherwise has supplemental jurisdiction over any claims arising under state law.

5. This Court has venue over this matter under West Virginia Code §29-12A-13 because Defendant is located in Mason County, and the cause of action arose in Mason County.

## FACTUAL BACKGROUND

6. Ms. Taylor has worked for the Defendant for five (5) years and worked full-time for the Defendant for three (3) years.

7. On February 25, 2022, Ms. Taylor sustained an on-the-job shoulder injury while moving a patient.

8. Ms. Taylor was subsequently placed on Workers' Compensation leave as a result of her on-the-job injury.

9. Ms. Taylor was evaluated at the beginning of July 2022, and was placed back to work in a light duty position.

10. Despite being released to light duty work, Ms. Taylor required additional time to heal and therefore struggled to accomplish her duties as a result of her on-the-job injury.

11. On August 2, 2022, after a month of attempting to perform light duty tasks, Ms. Taylor's physician evaluated her and determined she was not fit for light duty and placed her back on leave.

12. On August 10, 2022, eight days after being placed back on Workers' Compensation leave, Defendant terminated Ms. Taylor.

13. Defendant's alleged reasons for terminating Ms. Taylor were a Facebook post she made on August 2, 2022, and a corrective action dated August 1, 2022.

14. This was despite the fact that Defendant does not have a social media policy, and Ms. Taylor never received the corrective action until after she was already fired.

15. The corrective action states that there will be further corrective action if similar conduct occurs in the future, however, Defendant appears to have changed its mind after Ms. Taylor was placed on Workers' Compensation leave on August 2, 2022, and instead decided to terminate her.

16. Therefore, the alleged reasons proffered by the Defendant are merely pretextual.

17. At the time of Ms. Taylor's discharge, her shoulder injury and subsequent complications constituted a disability under the Americans with Disabilities Act and the West Virginia Human Rights Act.

18. The decision to terminated Ms. Taylor was motivated by Plaintiff's disability related leave.

19. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on April 28th, 2023.

20. The EEOC assigned the case to the West Virginia Human Rights Commission (WVHRC).

21. Plaintiff withdrew her EEOC complaint on September 19th, 2023, and received her right to sue letter on October 6th, 2023.

## COUNT I - WRONGFUL DISCHARGE IN VIOLATION OF
## W. VA. CODE § 23-5A-1

22. Ms. Taylor incorporates the preceding paragraphs as though fully stated hereunder.

23. West Virginia Code § 23-5A-1 prohibits an employer from "discriminat[ing] in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive [workers' compensation] benefits."

24. Defendant wrongfully terminated Ms. Taylor. Ms. Taylor' workers' compensation claim was a substantial factor in Defendant's decision to terminate her.

25. As a direct and proximate result of Defendant's unlawful conduct in violation of State law, Ms. Taylor has lost and will continue to lose income and benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

## COUNT II—DISABILITY DISCRIMINATION (HRA)

26. Ms. Taylor incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

27. Pursuant to West Virginia Code § 5-11-9, it is an unlawful discriminatory practice for an employer to discriminate against an employee based upon a disability either real or perceived.

28. West Virginia Code § 5-11-9 states that: "It shall be an unlawful discriminatory practice…[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled…"

29. An individual is classified as disabled under the HRA when a physical impairment substantially limits one or more of a person's major life activities; or a record of such impairment exists; or if the employer perceives the disability. (W. Va. CSR § 77-1-2 (2.1)).

30. At all times relevant to this case, Ms. Taylor suffered from a disability due to her on-the-job shoulder injury.

31. Defendant, at the time it chose to terminate Ms. Taylor, had knowledge of the aforementioned disability.

32. Ms. Taylor, even with her disability, was able to perform the essential job functions of her original position.

33. Defendant violated West Virginia Code § 5-11-9 by terminating Ms. Taylor because of a disability, either real or perceived.

34. As a direct and proximate result of the defendant's illegal conduct in violation of West Virginia Code § 5-11-9, Ms. Taylor has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

## COUNT III—DISABILITY DISCRIMINATION (ADA)

35. Ms. Taylor incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

36. Pursuant to 42 U.S.C.S § 12112 (The Americans with Disabilities Act), no employer shall "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

37. At all times relevant to this case, Ms. Taylor suffered from a disability due to her on-the-job shoulder injury.

38. Defendant, at the time it chose to terminate Ms. Taylor, had knowledge of the aforementioned disability.

39. Ms. Taylor, even with her disability, was able to perform the essential job functions of her original position.

40. Defendant violated The Americans with Disabilities Act by terminating Ms. Taylor because of a disability, either real or perceived.

41. As a direct and proximate result of the defendant's illegal conduct in violation of The Americans with Disabilities Act, Ms. Taylor has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

WHEREFORE, Ms. Taylor requests judgment against the Defendant as follows:

      a. Compensatory damages, including lost wages and benefits;

  b. Front pay;

  c. Emotional distress damages;

  d. Punitive damages;

  e. Attorney fees and costs;

  f. Prejudgment interest on all amounts claimed; and

  g. Such further relief as the Court may find appropriate.

**MS. TAYLOR DEMANDS A JURY TRIAL.**

  **HANNAH TAYLOR,**
  **Plaintiff,**

  **By Counsel**

  */s/Ryan W. Walters*
  Richard W. Walters (WVSB #6809)
  rwalters@shafferlaw.net
  Ryan W. Walters (WVSB #14113)
  ryanwalters@shafferlaw.net
  SHAFFER & SHAFFER, PLLC
  P.O. Box 3973
  Charleston, West Virginia 25339
  Telephone (304) 344-8716